USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HERBERT G. PESSOA, JR.,

                           Plaintiff,

      -against-

ERIC HOLDER, Attorney General of the
United States of America,

                           Defendant.
------------------------------------------------------------------x

10 Civ. 1387 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Herbert G. Pessoa, Jr. seeks a declaratory judgment under 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201 that he has acquired citizenship through his father, whom he claims was a naturalized United States citizen. Defendant Eric Holder, the Attorney General of the United States, moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Because the Court finds that it lacks subject matter jurisdiction, that motion is granted.

## I. BACKGROUND

### A. Plaintiff's Arrival in the United States and his Criminal Conviction

Pessoa was born in Jamaica in 1959. (Birth Certificate, Ex. B to Decl. of Christopher Connolly dated Nov. 5, 2010.)[1] He arrived in the United States on a B-2 visitor visa in 1980, and obtained lawful permanent resident status in 1982. (Adjustment of Status Approval, Ex. C.) Twenty-two years later, in June 2004, the United States District Court for the Eastern District of New York entered judgment against Pessoa on one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), to which Pessoa had previously pled guilty. (Judgment, Ex. D.) Pessoa received a

---

[1] The exhibits cited are from the Connolly Declaration.

1

sentence of thirty-six months' imprisonment. (*Id.*) In December 2004, while Pessoa was incarcerated, the Bureau of Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security ("DHS") issued a notice of immigration detainer indicating that an "[i]nvestigation ha[d] been initiated to determine whether [Pessoa] is subject to removal from the United States." (Immigration Detainer, Ex. E.)

### B. Plaintiff's Form N-600 Applications

In May 2006, Pessoa filed a Form N-600[2] seeking recognition of his alleged citizenship. In that application, plaintiff asserted that he had acquired U.S. citizenship because his father had become a naturalized United States citizen by the time of plaintiff's birth. (Citizenship Application dated May 5, 2006, Ex. G.) In December 2007, DHS Citizenship and Immigration Services ("CIS") denied Pessoa's request on the ground that a review of Pessoa's CIS file had "fail[ed] to reveal any evidence that [his] father was at any time[] a citizen of the United States." (CIS Decision dated Dec. 8, 2007, Ex. H.)

In March 2009, Pessoa filed a second Form N-600 in which he again claimed that he had acquired citizenship through his father. (Citizenship Application dated Mar. 11, 2009, Ex. I.) Pessoa attached several exhibits to this form, including his father's N-315 Declaration of Intention to naturalize, dated February 13, 1946, and a permit that the Jamaican Passport Office had issued to his father in 1988. CIS treated this second Form N-600 as a motion to re-open plaintiff's May 2006 application, and denied that motion in May 2009. (CIS decision dated May 14, 2009, Ex. M.) CIS explained that Pessoa's father's declaration of his intention to naturalize did not constitute a certificate of naturalization, and noted that the permit Pessoa's father received from the Jamaican Passport Office listed him as a citizen of Panama and a long-time resident of Jamaica, "further indicating that [Pessoa's father] did not consider himself to be a citizen of the United States." (*Id.*)

---

[2] A Form N-600 is an application for a certificate of citizenship that can be filed on behalf of any person claiming United States citizen status based on the fact that one or both parents are citizens. *See* 8 C.F.R. § 322.3.

C. Removal Proceedings

Pursuant to the December 2004 immigration detainer, in February 2007, ICE took Pessoa into custody following his release from prison. (Release Authorization, Ex. N.) ICE issued to plaintiff a Notice to Appear alleging that plaintiff's June 2004 conviction rendered him subject to removal under section 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii). (Notice to Appear dated Feb. 23, 2007, Ex. O.)

At the outset of those removal proceedings, Pessoa argued that he should not be removed because he acquired United States citizenship through his father. In an oral decision issued on July 31, 2009, an Immigration Judge ("IJ") determined that Pessoa was subject to removal on the basis of his June 2004 conviction. (Tr. of Oral Decision, Ex. P.) The IJ noted that he had granted Pessoa multiple continuances while DHS searched—without success—for Pessoa's father's immigration file. (*Id.* at 4-5.) With respect to plaintiff's claim that his father was a naturalized United States citizen, the IJ found that (1) because plaintiff was born in Jamaica, he was presumed to be an alien, and bore the burden of rebutting that presumption, (2) plaintiff's father's Declaration of Intention to naturalize did not establish his father's naturalization, and (3) plaintiff's father's permit from the Jamaican Passport Office constituted further evidence that his father was not a United States citizen. (*Id.* at 2-8.) In October 2009, the Board of Immigration Appeals affirmed the IJ's decision. (Decision of Board of Immigration Appeals, Ex. Q.)

The next month, Pessoa filed a petition for review of the decision of the Board of Immigration Appeals and an Emergency Motion for a Stay of Deportation with the United States Court of Appeals for the Fifth Circuit. (Petition for Review and Emergency Motion, Exs. R, S.) The Fifth Circuit denied the Emergency Motion for a Stay of Deportation the following month. (Order dated Dec. 3, 2009, Ex. T.) Pursuant to a final order of removal, in January 2010, Pessoa was removed to Jamaica. (Warrant of Removal/Deportation, *id.* at Ex. U.) In February 2010, the Fifth

3

Circuit dismissed Pessoa's petition for review for failure to prosecute. (Mandate dated Feb. 4, 2010, Ex. V.)

### D. This Action

During the course of the removal proceedings, Pessoa commenced this action in the U.S. District Court for the Eastern District of New York in June 2009. Judge Kiyo A. Matsumoto transferred it to the Southern District of New York because plaintiff's listed residence, Bronx County, is within the Southern District of New York. In the complaint, Pessoa alleges that he is entitled to citizenship pursuant to section 301 of the INA, 8 U.S.C. § 1401(g), because of his father's purported United States citizenship.[3] As noted, defendant has now moved to dismiss the complaint based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has not filed any papers in opposition to this motion.

## II. DISCUSSION

### A. Legal Standard

When presented with motions under both Rule 12(b)(1) and Rule 12(b)(6), a court must first analyze the Rule 12(b)(1) motion to determine whether the court has the subject matter jurisdiction necessary to consider the merits of the action. *See S.E.C. v. Rorech*, 673 F. Supp. 2d 217, 220 (S.D.N.Y. 2009); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). A motion made pursuant to Rule 12(b)(1) will be granted when the court "lacks the statutory or constitutional power to adjudicate" the action. *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the

---

[3] "[T]he applicable law for transmitting citizenship to a child born abroad when one parent is a United States citizen is the statute that was in effect at the time of the child's birth." *See Drozd v. INS*, 155 F.3d 81, 86 (2d Cir. 1998). At the time of plaintiff's birth, section 301(a)(7) of the INA, 8 U.S.C. § 1401(a)(7) (1952) (recodified as amended at 8 U.S.C. § 1401(g)), provided that an individual is recognized to be a U.S. citizen if born outside the geographical limits of the United States to a U.S. citizen parent who, prior to the individual's birth, was physically present in the United States for a total of at least ten years, at least five of which passed after the citizen parent was fourteen years old.

4

evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving the question of jurisdiction, a court may look to evidence outside the pleadings. *Id.*

B. <u>Subject Matter Jurisdiction</u>

A person generally may pursue a citizenship claim in two ways. First, if the person is in removal proceedings he can claim citizenship as a defense. If the immigration judge rejects the defense and orders removal, the person may, after properly exhausting administrative channels, file a petition for review of the citizenship claim "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). If the court of appeals finds that a "genuine issue of material fact about the petitioner's nationality is presented," the court will "transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim." *Id.* at § 1252(b)(5)(B). Second, a person may proceed administratively by filing an N-600 application for citizenship with CIS, and then may appeal any negative decision to CIS's Administrative Appeals Unit. *See Henry v. Quarantillo*, 684 F. Supp. 2d 298, 302 (E.D.N.Y. 2010). If the Administrative Appeals Unit affirms, the person may bring an action in federal district court under 8 U.S.C. § 1503(a) seeking a declaration of citizenship. *Id.*

Here, plaintiff proceeds through the second method and pleads jurisdiction pursuant to 8 U.S.C. § 1503(a). He argues the CIS denied him his rights as a United States citizen by denying his applications for citizenship. Section 1503(a) grants district courts subject matter jurisdiction to declare, after an administrative denial to the contrary, that an individual is a national of the United States. This jurisdictional grant is subject to two exceptions: "no such action may be instituted in any case if the issue of such person's status as a national[4] of the United States (1) arose by reason of, or

---

[4] A claim to be a "national," as that term is used in the INA, includes a claim to citizenship. *See* 8 U.S.C. § 1101(a)(22).

in connection with any removal proceeding . . . , or (2) is in issue in any such removal proceeding." 8 U.S.C. § 1503(a).

In response, the Attorney General contends that section 1503(a)(2) divests this Court of jurisdiction over Pessoa's citizenship claim because, pursuant to that section, "a purported citizen may not initiate or begin a declaratory judgment action to establish his citizenship if it is already being litigated in a removal proceeding." *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 397 (5th Cir. 2007); *see also Ortega v. Holder*, 592 F.3d 738, 743 (7th Cir. 2010) ("[A]n individual may not institute a § 1503(a) action if nationality is 'in issue,' that is, being disputed, in an ongoing removal proceeding."). Here, removal proceedings against Pessoa commenced in February 2007 when ICE issued to Pessoa a Notice to Appear at his removal proceedings. *See* 8 U.S.C. § 1229(a) (issuance of Notice to Appear initiates removal proceedings); Ex. O to Connolly Decl. Plaintiff instituted this action in June 2009, more than two years later, while his removal proceedings were still ongoing. Moreover, there is no question that Pessoa's citizenship was "in issue" in the removal proceedings. In those proceedings, not only did the Notice to Appear state that DHS claimed that Pessoa was "not a citizen or national of the United States" (Ex. O to Connolly Decl.), but also Pessoa asserted his citizenship as a defense to removal, (Ex. P to Connolly Decl. at 3). Because the plain language of the statute bars an individual from instituting a declaratory judgment action when that individual's citizenship status is "in issue" in removal proceedings, the Court finds that it lacks jurisdiction to adjudicate Pessoa's claim.

The Court also finds that it lacks jurisdiction because plaintiff has not exhausted the administrative remedies available to him. Specifically, there is no evidence—apart from plaintiff's conclusory assertion that he has "exhausted his administrative remedies" (Compl. ¶ 7)—that plaintiff appealed either of the CIS's decisions denying his applications for citizenship to the Administrative Appeals Unit. Section 1503(a) expressly requires "a final administrative denial" prior to the initiation of a declaratory judgment action. 8 U.S.C. § 1503(a). Plaintiff's failure to exhaust his

6

administrative remedies is a jurisdictional bar to consideration of his citizenship claim. *See United States v. Breyer*, 41 F.3d 884, 891-93 (3d Cir. 1994) ("[A] federal district court does not have jurisdiction to declare citizenship absent exhaustion of an applicant's administrative remedies."); *Henriquez v. Ashcroft*, 269 F. Supp. 2d 106, 108 (E.D.N.Y. 2003); *Duran v. Reno*, 97 Civ. 3156, 1998 U.S. Dist. LEXIS 1291, at *8 n.3 (S.D.N.Y. Feb. 10, 1998).

Having concluded that the Court lacks subject matter jurisdiction, the Court does not reach the merits of plaintiff's citizenship claim.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint (Dkt. No. 15) is granted on the grounds that this Court lacks subject matter jurisdiction.

Dated: New York, New York
June 21, 2011

SO ORDERED:

Sidney H. Stein, U.S.D.J.